UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Sharif Allende</u>

   v.                                          Case No. 19-cv-1124-JL

<u>Helen Hanks, N.H. Department of Corrections
("DOC") Commissioner; William Wrenn, (former)
DOC Commissioner; DOC Employee Christopher Kench;
Michelle Goings Edmark, Warden; DOC Maj. Jon Fouts;
DOC Employee Loretta Coulombe</u>

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is the complaint (Doc. No. 1) filed by plaintiff, Sharif Allende, an inmate at the Northern New Hampshire Correctional Facility ("NCF"), naming as defendants New Hampshire Department of Corrections ("DOC") officials and staff in their individual and official capacities.  The complaint, asserting claims for both damages and equitable relief, is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

<u>Preliminary Review Standard</u>

The court may dismiss claims asserted in an inmate's complaint, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  <u>See</u> 28 U.S.C. § 1915A(b).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.

See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether plaintiff has stated a claim that is plausible on its face.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## **Background**

I.   December 2017 Incident Involving Jessie Harbeck

NCF officers filed a disciplinary report against Mr. Allende on December 30, 2017, charging him with the disciplinary offense of assaulting Inmate Jessie Harbeck.  The assault resulted in "multiple facial/head injuries" to Mr. Harbeck and swelling and cuts on Mr. Allende's hands.  A Berlin Emergency Medical Services ("BEMS") ambulance transported Mr. Harbeck to the Androscoggin Valley Hospital ("AVH") in Berlin, New Hampshire, for emergency care.

The disciplinary report on the incident charged Mr. Allende with two disciplinary violations including assaulting Mr. Harbeck.  Mr. Allende pleaded guilty to the disciplinary offenses by signing the disciplinary report on January 2, 2018, beneath a statement saying, "I desire to plead guilty to the charges.  I waive my right to a hearing and my right to appeal.

I admit to the facts and circumstances described above." Doc. No. 1-1, at 8. The recommended sanctions to be imposed upon the acceptance of Mr. Allende's plea, recorded in the disciplinary report, included "100% Restitution for any medical costs from th[e] incident." Doc. No. 1-1, at 8. A reviewing officer, Lt. Berwick, accepted Mr. Allende's plea on January 2, 2018, and the hearings officer signed the form on the same date.

II. April 2018 Incident Involving Adrien Stillwell

A disciplinary report dated April 13, 2018 charged Mr. Allende with disciplinary violations arising from a fight with Inmate Adrien Stillwell. Mr. Allende alleges that officers transported him to the hospital after the fight. Mr. Allende pleaded guilty to disciplinary charges arising from that incident on April 16, 2018, signing a statement saying that he was waiving his right to a hearing and appeal and that he admitted to the facts and circumstances in the disciplinary report. The disciplinary report listed the recommended sentence as including "med[ical] restitution for injuries/treatment." Doc. No. 1-1, at 3. On April 16, 2018, a reviewing officer accepted Mr. Allende's guilty plea to the disciplinary charges on Major Fouts's behalf.[1] See Doc. No. 1-1, at 3.

---

[1] Mr. Allende on April 15, 2018 signed the disciplinary report, indicating he wanted to plead guilty to two lower-level ("minor") disciplinary offenses arising from the fight. The report at that time listed the recommended sanctions as

3

III. <u>November 5, 2018 Restitution Notices</u>

On November 5, 2018, Mr. Allende received two notices, each entitled, "Order of Restitution," stating that as a result of his pleas of guilty to disciplinary charges on January 2, 2018 and April 16, 2018, he owed the State of New Hampshire:

- $3,113.10 for "Medical restitution [for] Injuries to [Inmate] Harbeck," for amounts paid to "AVH" and "BEMS," Doc. No. 1-1, at 14, relating to the January 2018 plea; and

- $86.79 in "medical restitution" for amounts paid to "AVH-Surgical," Doc. No. 1-1, at 15, relating to the April 2018 plea.

Mr. Allende asserts that the DOC has begun to debit his inmate trust account for those amounts.

---

including "medical restitution for injuries and treatment." Doc. No. 1-1, at 3. The reviewing officer rejected that plea, however, and struck the recommended sentence from the form, after deciding that a higher level ("major") disciplinary offense should be investigated or charged. <u>See</u> Doc. No. 1-1, at 3. Mr. Allende signed the same disciplinary report on April 16, 2018 again indicating an intent to plead guilty to the disciplinary charges. <u>See</u> Doc. No. 1-1, at 3. The reviewing officer, Lt. Berwick, accepted that plea on April 16, 2018, beneath an amended list of recommended sanctions, once again including "med restitution for injuries/treatment." Doc. No. 1-1, at 3. Mr. Allende has not alleged facts suggesting that he did not in fact plead guilty to those charges on April 16, 2018.

4

IV. DOC Policy and State Law

At all times relevant to this case, state law has provided that "[n]o inmate shall be subject to deductions from moneys credited to the inmate's account" for repayment of the costs of treating injuries inflicted upon himself or upon others, "until the inmate has been afforded a due process hearing and has been found guilty." N.H. Rev. Stat. Ann. ("RSA") § 622:31-a, V, VII. "DOC policy allows inmates to plead guilty to disciplinary charges at the investigation phase, before a hearing, by signing the disciplinary report form, waiving the right to a hearing, waiving the right to an administrative appeal, and accepting the offered punishment." Fowler v. Zenk, No. 18-cv-244-LM, 2019 DNH 041, 2019 U.S. Dist. LEXIS 38246, at *7, 2019 WL 1116215, at *3 (D.N.H. Mar. 11, 2019). DOC Policy and Procedure Directive ("PPD") 3.09(IV)(E) provides that if "restitution" is ordered as part of an inmate's sanction for a disciplinary offense, the inmate's pay will be diverted from his or her trust account to satisfy that obligation. Doc. No. 1-1, at 11-12.

## Claims

Mr. Allende has asserted the following claims seeking damages and equitable relief:

1. Defendants violated Mr. Allende's Fourteenth Amendment right to procedural due process, by:

    a. Charging him for medical services Mr. Harbeck received following the December 2017 incident; and

5

    b.    Charging him for medical services provided by AVH Surgical after the April 2018 incident.

2.    Defendants violated Mr. Allende's Eighth Amendment rights and Fourteenth Amendment substantive due process rights by requiring him to repay the State for amounts paid to third parties for medical services, when the State is required to provide inmates with medical care.

3.    Defendants are liable to Mr. Allende under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act:

    a.    By seeking recovery on an invalidated debt;

    b.    For reporting the restitution orders to any credit bureau or consumer reporting agency; and

    c.    By acting as a collection agency for third party medical providers for services (i) that were not provided to Mr. Allende, for which Mr. Harbeck may have claims or defenses to liability that are personal to Mr. Harbeck, (ii) as to which he did not assume any responsibility or otherwise accept by way of an assignment of rights or responsibilities.

4.    Defendants violated Mr. Allende's rights under (a) the Fifth Amendment; (b) the Sixth Amendment; (c) the Fourteenth Amendment Equal Protection Clause; and (d) 28 U.S.C. § 2283 (Anti-Injunction Act), 28 U.S.C § 2284 (three-judge panels), 16 C.F.R. Part 433 (Federal Trade Commission's "Holder Rule"), and the "Federal Rules of Civil Procedure."

5.    Defendants have engaged in conduct that (a) violates the Uniform Commercial Code, and/or (b) amounts to fraud.

## Discussion

I.    <u>Procedural Due Process (Claims 1(a)-(b))</u>

    A.    <u>Protected Interests</u>

The Fourteenth Amendment prohibits state deprivations of life, liberty, or property without due process of law.  U.S.

6

Const. amend. XIV. To establish that his due process rights have been violated, a plaintiff must demonstrate that he has suffered a deprivation of a protected interest in liberty or property. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976). State prison inmates have a protected property interest in funds that may become subject to restitution orders in disciplinary proceedings. See Fowler, 2019 U.S. Dist. LEXIS 38246, at *12, 2019 WL 1116215, at *4; see also RSA §§ 622:31-a, VII. Accordingly, Mr. Allende had a protected property interest in the funds at issue here.

### B. Waivers of Due Process Protections

The minimum due process requirements associated with prison disciplinary hearings affecting protected interests are written notice of the charges, the ability to call witnesses and present documentary evidence (when doing so is consistent with institutional safety and correctional concerns), a hearing before an impartial decisionmaker, and a written statement as to the evidence relied on and the reasons for the hearings officer's decision. See Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); see also Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974); Smith v. Mass. Dep't of Corr., 936 F.2d 1390, 1401 (1st Cir. 1991). In addition, due process requires that the decision be supported by "some evidence" in the record.

Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).

Procedural due process protections may be waived. See Boddie v. Connecticut, 401 U.S. 371, 378-79 (1971). In Fowler, Judge McCafferty considered whether an NHSP inmate's plea of guilty to disciplinary charges of self-injury validly waived his procedural due process rights under Wolff and Hill, where the sanction imposed was medical restitution. Finding that "each of the guilty pleas, each waiver of [the inmate's] rights to a hearing, and each statement of the recommended sanction of medical restitution [wa]s unambiguous," and that the restitution orders in that case were supported by "some evidence," the court in Fowler found no due process violation effected by imposing restitution orders after the inmate had pleaded guilty to the disciplinary reports. See Fowler, 2019 U.S. Dist. LEXIS 38246, at *12. *16, 2019 WL 1116215, at *5 (citing Hill, 472 U.S. at 455-56; Straub v. Griffith, No. 1:19-CV-11-JAR, 2019 WL 873703, at *4, 2019 U.S. Dist. LEXIS 28047, at *9-*10 (E.D. Mo. Feb. 21, 2019)).

By the same token, here, Mr. Allende received prior notice of the charged violations. Like the inmate in Fowler, Mr. Allende received clear notice that "medical restitution" was part of the recommended sanction to be imposed if his pleas of guilty were accepted. Like the inmate in Fowler, Mr. Allende received notice that he would waive his right to a hearing and

8

an appeal by pleading guilty. The preprinted waivers accompanying Mr. Allende's signature and guilty plea on each of the disciplinary reports at issue here are identical to those found to be "unambiguous" and valid under the circumstances in Fowler. In Mr. Allende's case, as in Fowler, the disciplinary reports' contents and guilty pleas constitute "some evidence" supporting a finding of guilt and the imposition of restitution.

Mr. Allende cries foul because he has been assessed responsibility to repay the costs billed by third party medical providers for services provided to another inmate. This court notes, however, that the pertinent state laws authorize prison officials to impose a medical restitution as a sanction for a disciplinary offense that causes injuries to the inmate himself, or to another inmate, after a hearing and a finding of guilt. See RSA § 622:31-a, V, VII. Absent any pertinent allegations distinguishing this case from Fowler, Mr. Allende's guilty pleas and waiver of the right to a hearing, deemed effective to waive procedural protections in Fowler, warrant the same result here.

The recommended sentence in the January 2018 disciplinary report that Mr. Allende accepted upon pleading guilty and waiving a hearing included "100% Restitution for any medical costs from this incident," a broad, transactional term, encompassing the costs associated with the "multiple facial/head injuries" that, the report stated, resulted in Mr. Harbeck's trip to AVH by ambulance. Similarly, the sanction imposed after

9

Mr. Allende pleading guilty to the charges that arose from the incident involving Mr. Stillwell in April 2018, was listed as "med[ical] restitution for injuries/treatment," a term that was broad enough to cover amounts paid for treatment provided by "AVH Surgery" for injuries resulting from that incident. There are no allegations suggesting that Mr. Allende was unaware at the time he pleaded guilty to either of those disciplinary reports that medical expenses for treatment provided to the inmates outside of the prison would have to be paid, in the first instance, by the prison or some other entity, as to whom restitution could be required of Mr. Allende. Accordingly, Mr. Allende's procedural due process challenge to the validity of the restitution orders is without merit, and Claims 1(a) and 1(b) should be dismissed.

II.  <u>Substantive Due Process/Eighth Amendment (Claims 2(a)-(b))</u>

Mr. Allende argues that because the prison must provide inmates with medical care for their serious medical needs, he should not be held liable for the costs of providing such care outside the prison. The Eighth Amendment prohibits prison officials from depriving inmates of "the essence of human dignity . . . . A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." <u>Brown v. Plata</u>, 563 U.S. 493, 510-11 (2011). Nothing

alleged in the complaint, however, suggests that Mr. Allende was subjected to any deprivation of human dignity or excessive risk to his health or safety, by having to repay the cost of treatment provided by third party medical care providers to him, Mr. Harbeck, or Mr. Stillwell, as a result of injuries each sustained because of his disciplinary misconduct, involving incidents of inmate-on-inmate violence, to which he pleaded guilty.

To state a claim that state action violates substantive due process, a plaintiff must allege facts showing that the state actor's conduct "objectively 'shocks the conscience.'" S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 91 (1st Cir. 2014) (citation omitted).

> "A hallmark of [a] successful [substantive due process] challenge[] is an extreme lack of proportionality, as the test is primarily concerned with 'violations of personal rights . . . so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.'"

González-Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010) (citation omitted). The test is context-specific: "[I]n situations 'where actual deliberation on the part of a governmental defendant is practical, the defendant may be held to have engaged in conscience-shocking activity' by exercising 'deliberate indifference.'" Id. (citation omitted).

11

Nothing alleged in the complaint suggests that there is any disproportionality between the amounts paid to treat injuries caused by Mr. Allende's misconduct and the amount of the restitution orders, or that defendants were aware of any such disproportionality or misapprehension of Mr. Allende regarding what costs he would be required to repay. Cf. United States v. Newell, 658 F.3d 1, 35 (1st Cir. 2011) ("restitution is inherently proportional, insofar as the point of restitution is to restore the victim to the status quo ante"). Restitution orders requiring Mr. Allende to repay amounts the State paid to third party health care providers for his disciplinary offenses do not shock the conscience or otherwise violate Mr. Allende's rights under the circumstances. Therefore, Claims 2(a) and 2(b) should be dismissed.

III. Fair Debt Collection Practices/Fair Credit Reporting Act

Mr. Allende has claimed that defendants violated the Fair Debt Collection Practices Act ("FDCPA") by imposing restitution orders as sanctions in the disciplinary proceedings and by debiting his inmate trust account for those amounts; and that they violated the Fair Credit Report Act ("FCRA"), to the extent they reported the restitution orders to any credit bureau or consumer reporting agency. The FDCPA imposes certain obligations on "debt collector[s]" and provides for civil liability for the failure of a debt collector to comply with the

12

statute. 15 U.S.C. § 1692k(a). The term "debt collector" is defined in the statute as <u>not</u> including "any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). The FDCPA is not applicable to the conduct alleged in the complaint. Furthermore, the allegations regarding reports made to consumer reporting agencies and/or violations of the FCRA are conclusory and speculative. As none of Mr. Allende's FDCPA and FCRA claims have merit, the district judge should dismiss Claim 3(a)-(c) for failure to state a claim upon which relief can be granted.

IV.   <u>Remaining Federal Claims (Claims 4(a)-(d))</u>

    A.   <u>Fifth and Sixth Amendment and Equal Protection Claims</u>

Mr. Allende claims that defendants violated his due process rights under the Fifth Amendment. That part of the Bill of Rights concerns limits on the federal government. Defendants are state employees. There are no allegations regarding actions undertaken by any federal agents in this case. Accordingly, Claim 4(a) should be dismissed.

Mr. Allende claims that defendants violated his Sixth Amendment rights. Prison disciplinary proceedings do not implicate Sixth Amendment rights. <u>See</u> <u>Wolff</u>, 418 U.S. at 568. Accordingly, Claim 4(b) should be dismissed.

Mr. Allende claims that defendants violated his rights under the Fourteenth Amendment Equal Protection Clause, which guarantees "that 'similarly situated persons are to receive substantially similar treatment from their government.'" Kuperman v. Wrenn, 645 F.3d 69, 77 (1st Cir. 2011) (citation omitted). To assert an equal protection claim, a plaintiff must state facts which show that, as compared to others similarly situated, the plaintiff was treated differently based on an improper consideration. See id. at 78. There are no factual allegations in the Complaint that suggest Mr. Allende has been treated less favorably than any other inmate who is similarly situated, based on any improper consideration. Accordingly, Claim 4(c) should be dismissed.

### B. Other Federal Authorities

The Complaint refers to 28 U.S.C. § 2283 (Anti-Injunction Act); 28 U.S.C § 2284 (three-judge panel procedures); 16 C.F.R. Part 433 (Federal Trade Commission rule regarding consumer credit contracts); and, in general terms, the Federal Rules of Civil Procedure. None of those authorities provides Mr. Allende with a cause of action for any claim for damages or injunctive relief based on the facts alleged. Accordingly, to the extent Mr. Allende seeks relief upon those authorities, the district judge should dismiss those claims, collectively identified here as Claim 4(d), for failure to state an actionable claim.

V.   Uniform Commercial Code and Fraud (Claims 5(a)-(b))

Mr. Allende asserts that defendants have violated the Uniform Commercial Code ("UCC") and are liable for fraud. The UCC governs commercial transactions; the specific provisions Mr. Allende has cited relate to negotiable instruments and bank transfers. The UCC provisions he cites are inapplicable to prison disciplinary proceedings and to the restitution orders issued as a sanction for disciplinary infractions pursuant to state law. Furthermore, Mr. Allende's claims of fraud are conclusory and speculative. Accordingly, Claims 5(a) and (b) should be dismissed.

VI.   Request for Injunctive Relief

Mr. Allende has requested preliminary injunctive relief on his claims. A prerequisite to obtaining such relief is a showing of a likelihood of success on the merits. Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015). For reasons stated in this Report and Recommendation, Mr. Allende has failed to demonstrate any likelihood of success on the merits. Accordingly, his requests for injunctive relief should be denied.

## Conclusion

For the foregoing reasons the district judge should deny Mr. Allende's request for injunctive relief and dismiss the

Complaint in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  That period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                           Andrea K. Johnstone
                                                                           United States Magistrate Judge

June 10, 2020

cc:   Sharif Allende, pro se